# ORIGINAL

(Del. Rev. 12/98)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MICHAEL G. THOMAS

(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION No. 05-629

STATE OF DELAWARE/ CAPITOL POLICE

(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at 5675 ROSWELL RD NE, APT 7C,
   (Street Address)
   Atlanta, FULTON, GEORGIA 30342
   (City)   (County)   (State)   (Zip Code)
   404-303-8918
   (Area Code) (Phone Number)

3. Defendant resides at, or its business is located at 500 KING ST
   (Street Address)
   WILMINGTON  N.C.  DE  19801
   (City)   (County)   (State)   (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's DELAWARE CAPITOL POLICE place of bussiness
   (Defendant's Name)
   located at 500 KING ST
   (Street Address)
   WILMINGTON, NC  DE  19801
   (City)   (County)   (State)   (Zip Code)

5. The alleged discriminatory acts occurred on __01__, __OCT__, __2002__.
    (Day)    (Month)    (Year)

6. The alleged discriminatory practice ● is ○ is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,
__DIVISION OF INDUSTRIAL AFFAIRS__  __4425 N. MARKET ST__  __WILMINGTON__
   (Agency)                (Street Address)           (City)
__N.C.__   __DE__   __19802_____, regarding
 (County)  (State)  (Zip Code)
defendant's alleged discriminatory conduct on __01__, __OCT__, __2002__.
                                              (Day)  (Month)  (Year)

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: _____, _____, _____.
                                                                          (Day)    (Month)   (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: __06__, __JAN__, __2003__.
                                            (Day)  (Month)  (Year)

**(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:
    A. ○ Failure to employ plaintiff.
    B. ○ Termination of plaintiff's employment.
    C. ○ Failure to promote plaintiff.
    D. ● Other acts (please specify below)

(1) UNFAIR DISCIPLINARY ACTIONS - EXTENSION OF PROBATIONARY PERIOD.

(2) PERSONAL ATTACK AND DISPARAGING SCRUTINIZATION OF PLAINTIFF'S APPEARANCE.

(3) PLAINTIFF WAS INSTRUCTED NOT TO ASSOCIATE WITH OTHER BLACK OFFICERS.

(4) PLAINTIFF WAS ACCUSED OF ABUSING WORK POLICY - SICK LEAVE.

11. Defendant's conduct is discriminatory with respect to the following:
    A. ● Plaintiff's race
    B. ○ Plaintiff's color
    C. ○ Plaintiff's sex
    D. ○ Plaintiff's religion
    E. ○ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, **Plaintiff prays as follows: (Check appropriate letter(s))**

   A. ○ That all fees, cost or security attendant to this litigation be hereby waived.
   B. ○ That the Court appoint legal counsel.
   C. ● That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/29/05

(Signature of Plaintiff)

MERLENE LOCKRAGE
(Signature of additional Plaintiff)

5675 ROSWELL RD NE
APT 7C
ATLANTA, GA 30342
404-303-8918



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

## NOTICE OF REASONABLE CAUSE FINDING

RE:  Thomas v. State of DE/Delaware Capitol Police     State Case No.: 0301809

On December 23, 2002, Mr. Michael Thomas filed a Charge of Discrimination against Delaware Capitol Police. The Charge of Discrimination is hereby incorporated by reference.

Reasonable Cause Finding:

On February 27, 2004, the Department of Labor concluded its investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I.    Undisputed Facts:
   1. Charging Party (Black) began his employment with Respondent on June 18, 2002 as a Capitol Police Officer III.
   2. Mr. Thomas was instructed to not associate with Mr. Booker (Black) while at work.
   3. The probationary period for Mr. Thomas was extended by 6 months.

II.   Disputed Facts:
   1. Charging Party states that his probationary period was extended due to a verbal altercation with a co-worker. Charging Party alleges that this co-worker was not disciplined in any way as a result of this verbal altercation.
   2. Respondent did not provide any documentation to show that the co-worker also involved in this altercation was disciplined in any fashion. Respondent also does not provide a copy of the rule, which dictates that being involved in a verbal altercation with a co-worker while on the job is grounds for disciplinary action. Witness statements corroborate Mr. Thomas's allegation that in this instance he was further scrutinized for his involvement in this verbal altercation.
   3. Charging Party alleges that he was scrutinized after being hired but before being issued a uniform for the manner in which he was dressed and further instructed to wear a shirt and tie while a similarly situated co-workers was not instructed to wear a shirt and tie.
   4. Respondent provided a copy of the policy which does not clearly address what an officer should wear prior to being issued a uniform. Witness statements corroborate Charging party's statements of being scrutinized regarding his attire.

5. Charging Party alleges that he was subjected to disparate treatment by his supervisors when he was instructed to not associate with Officer Booker. Charging Party further states he was not assigned to a permanent work site that this site rotated continually throughout the courthouse. Charging party also states that while he was told not to associate with Officer Booker he was not told there were white officers he should not associate with while in training.
6. Respondent admits that Mr. Thomas was instructed not to associate with Officer Booker because this association resulted in Charging Party being out of his assigned work area. However, witness statements in fact agree with the analysis that the work site assigned to both Booker and Thomas was throughout the courthouse on a continual basis. Therefore, the likelihood of Booker and Thomas being in the same area many times during a work day is probable. This coupled with Mr. Thomas's argument that Booker had considerable more experience than the assigned Field Training Officer that Charging Party was assigned to does not indicate that there was a business purpose for restricting the contact between the two officers.

III. Resolution of Material Facts in Dispute:
1. Charging Party was able to establish that his probationary period was extended and that this was not a common practice within the department. Respondent was asked to provide the names of other individuals within the department who have had their probationary periods extended. Respondent only provided the names of two individuals both of whom were black. In addition, additional information was obtained which demonstrates that this practice of extending probationary periods was not one of common practice and that both occurred during the 2002 time period that L/T Poundsberry was in charge of the Wilmington Operations. Witnesses were contacted and corroborated the disparate treatment in regards to the seriousness of this offense and the decision of administration to extend Charging Party's probationary period. Witness statements also indicate that both Charging Party and the co-worker were equally involved in this verbal altercation and that the co-worker was treated more favorably.
2. Witnesses were contacted and made statements that Charging Party was more scrutinized for his dress attire before being issued a uniform than his similarly situated co-worker. These statements further corroborate that the similarly situated co-worker was not always following the instructed dress code of a coat and tie during the same time period.
3. Charging Party provided evidence and witness statements corroborated the fact that Charging Party was not assigned to any one area and that he was instructed to not associate with Mr. Booker for reasons that were not clearly based solely on business necessity but rather indicate separation of like individuals in the workplace. This was further reiterated when all three existing black Police Officers were reassigned to three separate work units. This action was corroborated by numerous witness statements.

IV. Resolution:
1. Charging Party met his burden of showing that he was discriminated against based on his race.

The Charge of Discrimination, State Case No. <u>0301809</u> will be administratively processed and assigned to a conciliation officer in an effort to administratively resolve the complaint pursuant to 19 *Del. C.* Section 712(c).

<u>2/27/04</u>
DATE

<u>/s/ M. Shelton</u>
INVESTIGATOR
LABOR LAW ENFORCEMENT OFFICER

<u>2/27/04</u>
DATE

<u>/s/ Julie K. Cutler</u>
JULIE CUTLER
LABOR LAW ENFORCEMENT SUPERVISOR